The United States Court of Appeals for the federal circuit is now open and in session God save the United States and this honorable court. Good morning ladies and gentlemen we have five cases on the calendar this morning. Three of them are being submitted on the briefs and will therefore not be argued and we have two argued cases. The first one is тобой vs. Tran 2019 2319. Mr. Carpenter. Thank you your honor may it please the court Kenneth Carpenter appearing on behalf of Mr. Villano. An issue in this appeal is whether or not under the correct interpretation of the provisions of 38 USC 3033 A1 those provisions are applicable to this case. The secretary in his brief insists that Mr. Villano has not correctly read the language of the statute. Mr. Carpenter. Yes your honor. There are several provisions here that contain the word concurrently. One can't be paid benefits from concurrently from from two programs. That's correct your honor. Mr. Villano has already been paid and last I read of the record I don't think I saw that he paid it back. Well the the only benefits that Mr. Villano received were properly given to him by the secretary and those benefits were under chapter 33. The key to this case is whether or not the statute prohibits duplicative payment of chapter 30 benefits which he has not yet received although the VA has found that he was eligible for receipt of those benefits. Under the by the Veterans Court the Veterans Court reads out the following language from section 3033 A1 that an individual entitled to educational assistance under a program established by this chapter whose is also eligible for educational assistance under a program under chapter 31 32 33 or 35 of this title. Well Mr. Villano was was determined determined to have been entitled wasn't he? He was he received a certificate of eligibility from the secretary or both the Montgomery GI Bill which is under chapter 30 and never paid and he was also determined eligible for chapter 33 benefits. This statute only applies to chapter 35. It does not apply to the award of chapter 30 benefits. In this case the secretary has acknowledged his administrative error and never having granted Mr. Villano benefits under chapter 35. Therefore... Mr. Carpenter Mr. Carpenter this is Judge Hughes. Would you agree if Mr. Villano had been eligible for both chapter 30 and chapter 33 benefits that he could only have gotten one that Congress intended him only to get one set of benefits? Your honor I'm not sure that I would agree with that as it relates to this statute. This is the only statute that the board and the court relied upon. Under this statute that is not a correct statement. This statute... Wait so let me understand because I don't I don't understand this argument at all. Suppose he's eligible for the Montgomery are we talking the chapter 30 benefits and he's also eligible for the chapter 33 benefits. There's no dispute he's eligible for both. Doesn't this statute bar him from receiving concurrent benefits under both statutes at the same time? No your honor it does not. This based upon the language that I just read to Judge Lori and is clear and unambiguous in the only chapter 31, 32, 33, or 35 and Congress did prohibit anyone who was eligible for both. I'm sorry is it subsection a part of chapter 30? Isn't that what we're talking about? I I'm confused as to what we're what we're talking about. We're talking about the award of benefits and the language used in chapter 30 that talks about being eligible for both programs. Mr. Okay let me can we can we look at the language then? I have your brief on page 17 and it says an individual entitled to assistance established by this chapter which I think is chapter 30 who is also eligible for assistance under those other chapters may not receive assistance under two or more programs concurrently. Doesn't that say if you're eligible under 30 but also eligible under these others you can't establish a baseline here and not before we even get to your case and you don't even seem seem to agree that Congress has prohibited concurrent receipt of benefits from two programs. Is that right? But your honor what I am trying to get across is is that this statute requires the veteran to be eligible. Well that's what I'm trying to ask you. I'm trying to ask you a person well I said that three or four times if a person is eligible under 30 and under 33 and there's no dispute of his eligibility this statute prohibits concurrent receipt. Is that correct? That is correct your honor I apologize. Okay it took an awful long time to get there. Now my question is do you think Congress would have intended duplicative benefit when the VA makes a mistake? I know you want to rely on a technical reading of this statute. I want to ask you about the intent behind this and do you think Congress intended to essentially give a windfall to veterans when the VA makes a mistaken eligibility determination? Your clear on that question. What I do believe is is that by the Secretary's own concession of administrative error they found correctly that Mr. Volano was never eligible for chapter 33 benefits. Can you answer my question about Congress's intent? I know you don't want to answer it. I know the statute is not clear in your view. I don't know that I agree but do you think again let me just ask you one more time if you don't want to answer we move on that given that Congress intended to bar duplicative benefits when you were eligible for both programs that they would have intended to allow duplicative benefits when a mistaken eligibility determination is made? Since the statute does not address that question, your honor, I do not believe that that is a reasonable inference of the intent of Congress. This is Judge Chen. What about the title of section 3033? It says barred a duplication of educational assistance benefits. Nobody's disputing here that Mr. Volano here in fact received educational assistance benefits under chapter 33. It was he received it erroneously due to some administrative error by the VA but he did in fact receive those educational assistance benefits under chapter 33. He did, your honor, and he received those benefits because the Secretary specifically solicited his participation in that program and he was never eligible under that program by the program's own terms. He was determined to be eligible by the VA at least initially, right? Well actually in chronological order his application was under the Montgomery bill under chapter 30 and he was found eligible and they issued an eligibility certificate. I'm talking about for chapter 33 benefits. Are you saying he was, the VA never recognized him as being eligible for chapter 33 benefits at any point in time? No, they did, your honor, but they did. Okay, that's what I was asking for. When I look at this overall provision 3033, I guess it seems like what the Veterans Court was thinking was is that when it uses the term eligible in the statute it's talking about VA determinations of eligibility and when you look through the rest of the statute or provision it says when an individual is eligible for more than one program of benefits the veteran shall elect, you know, which program to receive educational assistance and may not receive assistance under two or more of such programs and I'm just looking at the overall operational flow of the statute and it does seem like the VA has to first determine which programs of a veteran is eligible to receive benefits on in order for the veteran to elect which program under which he or she shall receive benefits. So there just seems to be some operational flow here and in order for the veteran to elect one of the two or more programs he's eligible for, the VA has got to figure out first which of those programs is he eligible for. And if I may, your honor, the record reflects at Appendix 233 that in November of 2005 the VA found him eligible for benefits under the Montgomery Bill, under Chapter 30. Four years later on May 9th of 2009 at Appendix 33 to 34 the Secretary also found him eligible for benefits under Chapter 33 for the post 9-11 GI Bill. Those benefits were not paid until sometime later and the VA indicated to Mr. Volano that the post 9-11 benefits which they had found him eligible for paid him more and he did make that election to participate in the program that provided more benefits. After participating in that program and being paid in that program, the VA found that they had incorrectly determined his eligibility. But if that hadn't happened, if he was still found entitled to both, is it your view that he could have been paid both? No, your honor. It is my view that he can only be paid both when there is a finding, a determination made by the Secretary himself that he made an error in finding him eligible and paying him benefits under Chapter 33 for which he was not eligible. That then negates the duplicative payment because the payment is predicated upon having been lawfully eligible for two programs. He was never lawfully eligible for two programs. The only program he has ever been lawfully eligible for is the Chapter 30 benefits. Could the VA have recouped the incorrect payment? No, your honor. They could not and they did so voluntarily by informing him that because of their own administrative error, they would make no attempt to collect the monies that he was paid incorrectly under Chapter 33. But generally, I've seen in a lot of government pension cases that if a recipient receives money incorrectly, obviously through the error of the Secretary, he can be asked to repay it. But why not here? Because it was the Secretary's concession of his own administrative error. As cited in the brief, there is a general counsel opinion that was binding on the board that said that if there was administrative error, then there could not be an overpayment and a collection of the monies incorrectly paid by the Secretary. Therefore, we have a lack of technical eligibility and we have a waiver of the monies that were paid. The only program that Mr. Volano has been eligible for, he has never received benefits. What the lower court did was to project that because he was found guilty under Chapter 33, that payment would result in a duplicative payment. But it cannot be a duplicative payment as a matter of law based upon the plain language of this statute. I have not heard the sound, the bell sound yet. You must be into your rebuttal time. Oh, okay. Well, then I will reserve the balance of my time, Your Honor. I did not hear the bell either. All right. But I will reserve the balance of my time. We will save it for you. Ms. Koenig, is it? Yes, Your Honor. Thank you. Good morning, Your Honors. May it please the Court. Mr. Volano's service entitled him to only $29,000 in Montgomery GI Bill benefits. However, instead, due to an administrative error, the VA paid Mr. Volano over $60,000 in post 9-11 GI Bill benefits. Ms. Koenig, you sound like you're at a distance from the microphone. I apologize for that, Your Honor. Can you hear me better now? A little bit. Go ahead. Okay. On top of the $60,000 already received, Mr. Volano now seeks an additional $29,000 in windfall for the same semesters of enrollment. But 38 U.S.B. 3033 prohibits such a duplication of benefits, and so we would ask the Court to affirm the Veterans Court decision. As Your Honors were talking with Appellant's Counsel, the Statute 3033 clearly prohibits the receipt of benefits under two or more programs concurrently, those benefits being Chapter 33 of the Montgomery GI Bill and Chapter 33 of the post 9-11 GI Bill. Mr. Volano here was found eligible for Chapter 33 benefits. He elected to receive Chapter 33 benefits, and he in fact... He was found eligible, but he was not in law entitled, right? That is correct, Your Honor, but he was found eligible, and... But the statute reads entitled to. Well, Your Honor, actually the statute, Section A1 of the statute states that an individual who is entitled to educational assistance under this chapter, aka Chapter 30, who is also eligible for Chapter 31, 32, 33, or 35, may not receive assistance under two or more of such programs concurrently. So it uses the term entitled to refer to Chapter 30 benefits, which he was entitled to, and uses the word eligible for entitlement, or eligible for Chapter 33 as relevant here. And so, Ms. Koenig, this is Judge Chen. I mean, this is really the rub of the case. How do we understand what the meaning of the word eligible is? This is what Mr. Volano's briefing zeroes in on, and your brief didn't really seem to engage with that question of how do we... How are we supposed to think about the word eligible? Does it mean eligible in fact under the law, or does it mean deemed eligible or found to be eligible by the VA? Either way, you can see I'm adding a few words into the statute under either competing interpretation, but if I was just parachuting in and someone said you have to be eligible for educational assistance under Chapter 33, I would say, okay, what are those elements of eligibility to qualify for those? And if I meet those elements, then I'm eligible. That is to say, I'm eligible in fact. Why is it necessarily so that I shouldn't think of the word eligible as it's used in 3033 in that way, and think about it, I guess, in some other way that you prefer? Well, Your Honor, as the record demonstrates, the VA determined Mr. Volano to be eligible for the Chapter 33 benefits, but I think the important point here is that he actually then received Chapter 33 benefits, and the driving force behind the statute is the prohibition of the receipt of duplicative benefits, or as the statute states it, that a veteran may not receive assistance under both programs. So the determination of eligibility that the VA made allowed him to, in fact, receive Chapter 33 benefits, and it's that receipt of benefits that prohibits him from receiving benefits under Chapter 30, and we think that is the clear reading of, the clear way to read Chapter 3033A1. But the, I think, if the court were inclined to find that the statute were ambiguous, which we don't think it is, but the regulations additionally reinforce the point that the driving force is the receipt of benefits. Chapter 38 CFR Section 21.7143 also states, Section A of that regulation states, payment of educational assistance shall not be duplicated, and it really reinforces the intent of the statute, the spirit of the statute, that the So the determination of eligibility that the VA made, albeit erroneously, back in 2009, allowed for Mr. Ravlano to actually receive benefits here, and that is what prohibits him from receiving the Montgomery GI Bill benefits that he now seeks. Ms. Koenig, how often are educational benefits awarded erroneously? Do you have any idea, like, in such a way that it creates the situation that that Mr. Ravlano is in? Your Honor, unfortunately, I am not sure if I could give you a percentage of the time or a number of occurrences in which it happens, but the statute... I'm just trying to figure out if this is some unfortunate, bizarre glitch, or maybe not so unfortunate in this case, because Mr. Ravlano actually benefited from the error, but... Your Honor, I'm inclined to believe, again, this isn't a definitive statement of fact, but I'm inclined to believe that it's a relatively rare occurrence. I think the confusion here with Mr. Ravlano's eligibility stems from the fact that he had served in post 9-11, but due to the fact that he had gone to the, I believe it was the Air Force Academy, that his service was actually required post 9-11 versus voluntary service, which would have paid him for the post 9-11 GI Bill benefits. Here's another question I have. What if, when Mr. Ravlano was told that he qualified for these post 9-11 GI benefits, he was told, we'll give you $60,000, so you can do this or you can do the other one, the Montgomery GI Bill, and you'll get $30,000 for that one, and Mr. Ravlano says, okay, I'll go with the post 9-11 GI Bill benefits, but then after that election, maybe four weeks later, the VA comes back and says, oh, sorry, under the post 9-11 GI Bill, you only get $7,000, so here's $7,000. There you go. Good luck. Could Mr. Ravlano return that $7,000 and say, okay, I don't want this one anymore, I want the other one, Montgomery, and so I want to return this post 9-11 money and get the Montgomery money? Could Mr. Ravlano have done that under the statute in my hypothetical? Your Honor, I believe that the statute addresses the situation, or at least the regulation allows for the veteran to choose under which program they want to receive benefits, again, during the election, and the individual may choose to elect one program or the other not more than once per term, quarter, or semester, so in your hypothetical, I believe that he may be able to change his election in a different semester, although I don't believe the statute allows for a veteran to change back and forth from one to the other, and I believe that... Even if it was, even if the desire to change election is due to a VA administrative error, because in my hypothetical, the VA informed Mr. Ravlano, well, we'll give you $60,000 for this then a few weeks later said, sorry, we made a mistake. I know you've elected for this and you expected $60,000, but you're only getting $7,000. Here you go. You're saying he would be bound by that election? Your Honor, in the event of an administrative error, I don't know that Mr. Ravlano would be bound by the election in that case. I think the election issue may implicate other statutes in this chapter, in these chapters, such as was raised in the Boe versus Loki case that was recently argued in this court, but I don't think that that case addresses the question that you're asking here about election due to an administrative error. In this case, again, it's not the election that's the driving force behind which benefits Mr. Ravlano was eligible for or received. It was actually, again, the receipt of benefits that now prohibits him from receiving benefits. I apologize if I haven't answered your hypothetical sufficiently, but as is the case here, it isn't Mr. Ravlano's election per se that is the driving force behind the prohibition now on Chapter 30 benefits. Mr. Ravlano's reading of the statute here would essentially require the VA to compound this original mistake by forcing it to double pay or recalculatively pay Mr. Ravlano under both Chapter 30 and Chapter 33. In our reading, this would lead to an absurd result where simply due to an error, the veteran would be allowed to receive benefits under both programs. Judge Hughes, I believe, was asking the appellant about the intent of Congress. I don't think, in fact, Bo states that when the reading would lead to an absurd result, we should be suspicious that that was Congress's intent. I don't think it's reasonably read to be Congress's intent here to duplicatively pay solely due to an administrative error. Anything further, counsel? Unless your honors have any further questions, no. I will rest on my briefs and arguments made here today. Thank you. Mr. Coffin, do you have five minutes if you need them? Thank you very much, Your Honor. May it please the court, the government attempts to equate the terms used in the statute of entitlement and eligibility as somehow having different meanings. The prohibition under the statute is when there is an eligibility under both programs that the entitlement to payment is to only one of those payments. Mr. Ravlano is entitled to payment under Chapter 30. He was never entitled to payment under Chapter 33. Therefore, the statute should be read to have the single purpose of prohibiting duplicitous payments when there is an eligibility under both programs, and there was never eligibility under Chapter 33 by the Secretary's own concession of administrative error. In other words, they made a mistake. There is no discussion in the statute about receipt, and the Secretary cannot rely upon his own regulation to infer that receipt is the standard when the standard outlined in the statute by Congress is one of entitlement to which there was only entitlement to one of these programs. Unless there are further questions, I'm happy to submit the matter. Thank you, Mr. Carpenter. We appreciate the arguments of both counsel and the cases submitted.